FILED
AUG 11 2021
DISTRICT COURT
CLARK COUNTY, WASH.

**IN THE DISTRICT COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF CLARK**

| | |
|---|---|
| NATHEN BARTON,<br><br>Plaintiff<br>v.<br><br>LENDINGPOINT, LLC &<br>JOHN DOE 1-10<br><br>Defendants. | Case No.: 21C4233-1<br><br>ORIGINAL COMPLAINT FOR A CIVIL CASE AND INJUNCTIVE RELIEF<br><br>Jury Trial: ☒ Yes  ☐ No |

## I.  BASIS FOR JURISDICTION

Plaintiff Nathen Barton is a natural person and full-time resident of Clark County, Washington. All the acts alleged in this complaint occurred in Clark County, Washington State, during the year 2021.

Jurisdiction in this court is correct because of where Plaintiff resides, and his residence is a nexus where Plaintiff suffered personal injury and invasion of privacy at the hands of the Defendants.

## II.  PARTIES

During all times relevant to this lawsuit, Plaintiff Nathen Barton resided, and currently resides, at 4618 NW 11th Cir, Camas WA 98607.

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 1 / 6

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Exhibit 1 Page 1 of 6

1     LendingPoint LLC ("LendingPoint"), is a Delaware registered corporation with a main
2 office located at 1201 Roberts Blvd NW Ste 200, Kennesaw Georgia 30144, but who has a
3 Washington State registered agent: C T Corporation System, 711 Capitol Way S Ste 204,
4 Olympia WA 98501.

5     John Doe 1-10 are unknown parties with unknown address who may have acted along
6 with Lending Point in placing solicitation to Plaintiff.

7     **III.   STATEMENT OF CLAIM**

8     All phone calls alleged in this complaint were placed to the same (972) XXX XXXX
9 cellular phone. This phone number was registered on the FTC *do-not-call* registry more than 31
10 days before January 27, 2021.

11     Plaintiff did not invite or consent to any telemarketing calls from LendingPoint.

12     **Unsolicited Solicitation Call #1**

13     On or about 8:56AM, January 27, 2021, Plaintiff received a solicitation call seemingly
14 from (567) 393-6889. The entity placing the call used an automated dialing and announcing
15 device. The caller did not identify him or herself, and the company behind the call, and the
16 purpose of the call within the first 30 seconds of initiating the call. The pre-recorded or
17 artificially generated voice solicited a loan.

18     Eventually a live person joined the call, saying "Thank you for calling LendingPoint,
19 how may I help you today?" and went on to solicit a loan, but the caller hung up at about one
20 minute and 24 seconds into the call.

21     Plaintiff called back to determine the entity behind the call, and to his surprise the
22 number was not spoofed, and to his greater surprise, the man he reached at LendingPoint asked
23 for the last four digits of Plaintiff's social security number, Plaintiff gave fake numbers, the man

24

1  said the fake numbers did not match what they were expecting, and LendingPoint ended the
2  conversation.

3  Plaintiff believes the entity behind the call to be LendingPoint LLC.

### Unsolicited Solicitation Call #2

5  On or about 10:25AM, January 27, 2021 Plaintiff received a solicitation call seemingly
6  from (559) 393-4903.  The entity placing the call used an automated dialing and announcing
7  device.  The automated voice solicited a loan, then a real person got on the line and said "You
8  have reached LendingPoint sir, how can I help you?" The caller hung up at about one minute and
9  8 seconds into the call.  The calling number appeared to be spoofed.

### Unsolicited Solicitation Call #3

11 On or about 6:41AM, April 1 2021, someone called Plaintiff's phone at 6:41AM but
12 Plaintiff did not answer.  The calling number was (217) 319 0528.  Plaintiff called back at
13 7:35AM and the call was answered as LendingPoint.

### Unsolicited Solicitation Call #4

15 On or about 12:47PM, April 1 2021, Plaintiff received a call from (217) 319 0528.  The
16 entity placing the call used an automated dialing and announcing device.  When Plaintiff
17 answered, the pre-recorded or artificially generated voice said: "important to us, please stay on
18 the line and your call will be transferred to the next available agent".  When the next available
19 agent got on the line, the agent said: "Thank you for calling LendingPoint, how can I help you?"
20 and the caller went on to solicit a loan.

21 However, the name of the person they were trying to lend money to did not match
22 Plaintiff's, so ultimately, they ended the conversation.

### LendingPoint is Unlicensed Commercial Telephone Solicitor

24 RCW 19.158.020 says:

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 3 / 6

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Exhibit 1 Page 3 of 6

(1) A "commercial telephone solicitor" is any person who engages in commercial telephone solicitation

(2) "Commercial telephone solicitation" means:
    (a) An unsolicited telephone call to a person initiated by a salesperson and conversation for the purpose of inducing the person to purchase or invest in property, goods, or services;

RCW 19.158.050(1) says in part:

"In order to maintain or defend a lawsuit or do any business in this state, a commercial telephone solicitor must be registered with the department of licensing."

Although RCW 19.158.050(3) says "The department of licensing shall issue a registration number to the commercial telephone solicitor.", in practice this Commercial Telephone Solicitor "registration number" appears as an endorsement on the business license issued by The Washington State Department of Revenue.

According to The Washington State Department of Revenue, LendingPoint does not have a Commercial Telephone Solicitor endorsement. LendingPoint acted as unlicensed commercial telephone solicitors.

### Defendants are Annoying the Public

Plaintiff is not looking for a loan, and this phone is registered on the FTC *do-not-call* list to maintain his privacy and tranquility. These Defendants wasted Plaintiff's time with each phone call, annoyed Plaintiff with each phone call, and distracted the family from their activities.

### IV.   RELIEF

### Federal Law

Plaintiffs phone number at issue was at all relevant times registered on the FTC *do-not-call* list more than 30 days before the alleged solicitations. Plaintiff does not have any relationship with the Defendants by which they could legally phone solicit Plaintiff for any reason.

Defendants violated the TCPA 47 U.S.C. 227(c)(5) by soliciting Plaintiff four (4) times without his consent on his cell phone with phone number (972) XXX XXXX while he was registered on the FTC do-not-call list.

Defendants violated 47 U.S.C. 227(b) three (3) times by calling Plaintiff's cellular telephone number without consent, while using an artificial or prerecorded voice.

### Washington State Law

### RCW 19.158

Defendants were not registered as Commercial Telephone Solicitors with the Washington State Department of Licensing when any of the solicitation calls were placed to Plaintiff, in violation of RCW 19.158.050(1).

Defendants violated Washington State RCW 19.158.150 four (4) times by soliciting Plaintiff on his cell phone while they were not registered on with the Washington State Department of Licensing as Commercial Telephone Solicitors, or while working on behalf of an unregistered Commercial Telephone Solicitor.

### RCW 80.36.400

Washington State RCW 80.36.400(2) states:

> "No person may use an automatic dialing and announcing device for purposes of commercial solicitation. This section applies to all commercial solicitation intended to be received by telephone customers within the state."

Defendants violated Washington State RCW 80.36.400(2) three (3) times by calling Plaintiff's cellular telephone number without consent, while using an automatic dialing and announcing device for commercial solicitation.

RCW 80.36.400 defines "Commercial solicitation means the unsolicited initiation of a telephone conversation for the purpose of encouraging a person to purchase property, goods, or services."

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 5 / 6

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Exhibit 1 Page 5 of 6

### Treble Damages

Plaintiff believes the record shows that Defendants' violations of the law were willful or knowing.

Therefore, Plaintiff asks for treble damages under TCPA 47 U.S.C. 227(c)(5), TCPA 47 U.S.C. 227(b)(3), and the presumption that violations of Washington State RCW 19.158 and RCW 80.36.400 triple damages under the Washington State Unfair Business Practices Act RCW 19.86.

### Injunctive Relief

TCPA 47 U.S.C. 227(b)(3)(A) and TCPA 47 U.S.C. 227(c)(5)(A) allows "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,".

Plaintiff is not unique – he simply had the misfortune to be targeted by Defendants' mass texting machine. It is reasonable to believe that Defendants have done this many times in the past and will continue harming the residents of this State and other States in the future.

Plaintiff asks this Court to enjoin the Defendants from violating the TCPA.

### All other such Relief

Plaintiff prays for all possible damages, in law and in equity, statutory, real, and punitive, that he might entitled too. These damages include but are not limited to court costs and attorney fees.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed at Vancouver, WA on  8/11/2021 .

_(signature)_
(Nathen Barton)

Nathen Barton
(718) 710-5784
4618 NW 11th Cir
Camas WA 98607